UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONTAVIOUS DONTRELL ODAY,

    Defendant.
_____/

Case No. 1:22-cr-40

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's pro se Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Guideline Amendment No. 821 (ECF No. 73) and Defendant's pro se amendment to his motion (ECF No. 77).  For the following reasons, the Court denies the motion (ECF No. 73, as corrected by ECF No. 77). [1]

Defendant pleaded guilty to possession with intent to distribute methamphetamine (Pre-Sentence Report, ECF No. 56, filed under restricted access [PSR] ¶¶ 2, 12).  His sentencing guidelines range was 108 to 135 months' imprisonment (*id.* ¶ 95).  On May 16, 2023, this Court sentenced Defendant to 87 months' imprisonment to be followed by 3 years' supervised release (Minutes, ECF No. 65).

As Defendant correctly points out in his motion, in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect.  On November 1,

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)." Rule 43(b)(4).

2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. United States Sentencing Guideline (U.S.S.G.) § 4A1.1. Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. U.S.S.G. § 4C1.1.

Defendant now seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence, claiming that his criminal history score calculation included status points. Pursuant to this Court's Order, the Probation Office prepared a Report of Eligibility, indicating that Defendant was not eligible for consideration of modification of sentence under 18 U.S.C. § 3582(c)(2) because he received a criminal history point, but he did not receive any status points (ECF No. 79). Defendant did not thereafter file any objection to the Report of Eligibility. The Court agrees that Defendant's guideline range would not be lowered as a result of the amendment to the guidelines. Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if...an Amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Defendant's motion thus fails at the first step of this analysis, and the Court does not reach the § 3553(a) factors. *See generally United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (indicating that § 3582(c) establishes a "two-step inquiry") (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Guideline Amendment 821 (ECF No. 73, as corrected by ECF No. 77) is DENIED.

Dated: January 17, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge